## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

ASHLEY DIAMOND,[1]     :
            :
     Plaintiff,   :
            :
    VS.      :
            :
DR. SILVER, DR. THOMPSON, :
Warden SHAY HATCHER, Deputy :  NO. 4:13-CV-511-CDL-MSH
Warden RUTHIE SHELTON, GDOC, :   42 U.S.C. § 1983
and RSP,       :
            :
    Defendants  :
            :

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff Ashley Diamond, a prisoner at Rutledge State Prison ("RSP"), has filed a

*pro se* civil rights action under 42 U.S.C. § 1983.   Plaintiff appears to allege violations of

---

1. The complaint form names as additional Plaintiffs, Christopher Leach and James Moore, Jr.  Plaintiff is the only prisoner to have submitted an *in forma pauperis* ("IFP") application. Moreover, neither Leach nor Moore signed the complaint; instead, they have submitted separate "Declarations" detailing Gender Identity Disorder issues similar to Plaintiff's (ECF Nos. 1-2 & 1-3).   Leach and Moore cannot be joined as Plaintiffs in this action.   First, a *pro se* Plaintiff may not represent the interests of other prisoners.  *See e.g., Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (finding it "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action")).   Second, the Eleventh Circuit Court of Appeals has held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit and pay only a single filing fee.   Each prisoner is required to file his own lawsuit and pay the full filing fee.  *See Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001).   If Leach or Moore wish to assert claims, they must do so on their own behalf by filing a separate complaint and either paying the $350 filing fee or obtaining permission to proceed IFP.

his rights under the Eighth Amendment and Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101, *et seq.*  Currently pending before the Court are the following:   (1) the complaint, which must be screened under 28 U.S.C. § 1915A (ECF No. 1); (2) an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2); and (3) a motion for appointment of counsel (ECF No. 3).

Based upon Plaintiff's submissions, the Court hereby GRANTS his motion to proceed IFP and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless required to pay the Court's $350 filing fee, as is discussed below. The Clerk of Court is directed to send a copy of this Order to the business manager of RSP.

Regarding Plaintiff's motion for appointment of counsel, under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."   However, there is "no absolute constitutional right to the appointment of counsel" in a section 1983 lawsuit.   *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).   Appointment of counsel is a privilege that is justified only by exceptional circumstances.   *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982).   In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.   *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).   Plaintiff has set forth the essential factual allegations underlying his claims and the Court will determine whether Plaintiff's allegations support a colorable legal claim.   This process is routine in *pro se* prisoner actions and therefore "exceptional

circumstances" justifying appointment of counsel do not exist.   Accordingly, Plaintiff's motion is DENIED.

## I.    *STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."   Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).   A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be

viewed as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law.  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995).   If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal.  *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## II.    BACKGROUND

Plaintiff allegedly suffers from Gender Identity Disorder and Posttraumatic Stress Disorder, the latter from multiple sexual assaults.   He claims he requested psychotherapy and hormone therapy, but was told by Defendants Dr. Silver, Dr. Thompson, and the "Warden" (presumably Defendant Warden Shay Hatcher), that he would not be receiving any treatment for his conditions.   One or more of these Defendants also allegedly told

4

Plaintiff that RSP does not offer treatment for Gender Identity Disorder.   Plaintiff further claims that he wrote the Georgia Department of Corrections ("GDOC") multiple times, but received no response.

In addition to Drs. Silver and Thompson, Warden Hatcher, and the GDOC, Plaintiff sues RSP itself and Ruthie Shelton, Deputy Warden of Care and Treatment at RSP seeking injunctive relief and nominal, compensatory, and punitive damages.

## III.   DISCUSSION

### A.   Deputy Warden Ruthie Shelton

Plaintiff alleges no facts whatsoever against Deputy Warden Ruthie Shelton. "While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth*., 621 F.2d 33, 36 (1st Cir. 1980)).   Moreover, Shelton cannot be liable solely by virtue of her supervisory position.   *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir.1999).   Accordingly, it is hereby RECOMMENDED that Deputy Warden Ruthie Shelton be DISMISSED WITHOUT PREJUDICE.[2]

Pursuant to 28 U.S.C. § 636(b)(1), the Parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

---

2.      Dismissal without prejudice is appropriate when a more carefully drafted *pro se* complaint might state a claim.   *Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. Apr. 29, 2010).

B.      Remaining Defendants

Construing the complaint liberally in Plaintiff's favor, the Court concludes that Plaintiff has alleged colorable claims against Dr. Silver, Dr. Thompson, and Warden Shay Hatcher.  Although the GDOC and RSP are not proper defendants with respect to an Eighth Amendment claim brought under section 1983, *see e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (state and its agencies are not "persons" for purposes of section 1983 liability), they would appear to be public entities subject to suit under the ADA.  *See United States v. Georgia*, 546 U.S. 151, 153-54 (2006).  Accordingly, it is hereby ORDERED that service be made on the five remaining Defendants, and that they file an Answer or such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, U.S.C. § 1915, and the *Prison Litigation Reform Act*. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil

Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the defendants from whom discovery is sought by the Plaintiff. The Defendants shall not commence discovery until such time as an answer or dispositive

7

motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.   This 90-day period shall run separately as to Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party.   The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, INTERROGATORIES may not exceed

8

TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

In accordance with the *Prison Litigation Reform Act*, Plaintiff's custodian is hereby directed to remit to the Clerk of this Court each month twenty percent (20%) of the preceding month's income credited to Plaintiff's inmate account until the $350.00 filing fee has been paid in full, provided the amount in the account exceeds $10.00. Transfers from Plaintiff's account shall continue until the entire filing fee has been collected, notwithstanding the earlier dismissal of Plaintiff's lawsuit.

## PLAINTIFF'S OBLIGATION TO PAY FILING FEE

If Plaintiff is hereafter released from custody, he shall remain obligated to pay any

9

remaining balance due of the above filing fee; Plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*.  Collection from Plaintiff of any balance due by any means permitted by law is hereby authorized in the event Plaintiff fails to remit payments.

      **SO ORDERED AND RECOMMENDED**, this 13th day of December, 2013.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE